UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN WASHINGTON CHAPTER, ASSOCIATED BUILDERS AND CONTRACTORS, INC., et al., <br><br>             Plaintiffs <br>v. <br><br>DISTRICT OF COLUMBIA, <br><br>             Defendant. | No. 12-CV-00853 (EGS) |

**PLAINTIFFS' RESPONSE TO COURT ORDER APPOINTING *AMICUS CURIAE***

By Order entered on September 18, 2014, this Court appointed Dean Erwin Chemerinsky as *amicus curiae* "to respond to the parties' arguments and address the issue of whether the Privileges and Immunities Clause applies to the District of Columbia." The Court set deadlines for submission of a brief by Dean Chemerinsky and for the filing of "any reply briefs responding to the arguments of the court-appointed amicus."

Respectfully, plaintiffs object to this process. Plaintiffs understand that the legal issue of whether the Privileges and Immunities Clause governs the actions of the District of Columbia government following the enactment of home rule is an issue of first impression. And Plaintiffs acknowledge that Dean Chemerinsky is a nationally respected constitutional scholar and author. But the questions of statutory and constitutional interpretation currently before this Court are not questions upon which the Court should be seeking guidance—much less "arguments"—from an outside expert or opinion witness.[1] The pending motion for judgment on the pleadings can be decided based on the briefing and the record.

---

[1] Ordinarily, courts do not even allow a party to present opinion evidence about legal issues. *See, e.g., Burkhart v. WMATA*, 112 F.3d 1207, 1213 (D.C.Cir. 1997).

Moreover, this court appointment does not follow the traditional standard allowing filing of an *amicus* brief by, say, an advocacy organization or by nonparties with an interest in the outcome of a lawsuit.[2] Traditionally, and under Fed. R. App. P. 29, *amici* parties are required to identify their interest in the case, as well as the party or parties that their brief supports. Here, the Court has solicited the input of an *amicus* to ask for his arguments about one of the legal issues in this case and to review and address the arguments already made by the parties. If the situation were reversed, and Dean Chemerinsky—or for that matter Professors Kathleen Sullivan, Akhil Reed Amar, or Laurence Tribe—sought leave to file an *amicus* brief because he heard about the case and wanted to weigh in with his own interpretation of the Constitution, the Court would probably deny that motion, not because the Dean is not learned on the subject of constitutional interpretation but because he is a stranger to the controversy and he is not the court. Respectfully, the arguments to be proposed by a nonparty expert witness whose involvement was not requested by either party should not be the basis for the Court's ruling.

Respectfully submitted,

/s/ Paul J. Kiernan
Paul J. Kiernan (Bar #385627)
Christine N. Walz (Bar #996643)
HOLLAND & KNIGHT, LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 663-7276 (phone)
(202) 955-5564 (facsimile)
Paul.Kiernan@hklaw.com (email)

---

[2] *See, e.g., Jin v. Ministry of State Security*, 557 F.Supp. 2d 131, 136-38 (D.D.C. 2008) (district court has authority derived from Federal Rule of Appellate Procedure Rule 29 to allow or deny participation of *amici*). *Jin* was a Foreign Sovereign Immunities Act case brought against Chinese ministries. The ministries abstained from participating in the case. The court granted the motion of the Chinese Society of Private International Law to file a brief based on the Society's interest in sovereign immunity law and the furtherance of amicable relations between China and U.S. The Court also noted the *amicus*' "highly partisan position." *See* 557 F.Supp. 2d at 138 n. 6.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 26, 2014, I electronically filed the Plaintiff's Response.

      I certify that all participants in the case are registered ECM-ECF users and that service will be accomplished by the ECM-ECF System.

      /s/ Paul J. Kiernan
      Paul J. Kiernan