## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

METROPOLITAN WASHINGTON CHAPTER,   )
ASSOCIATED BUILDERS AND   )
CONTRACTORS, INC., et al.,   )
   )
            Plaintiffs   )     No. 12-CV-00853 (EGS)
    v.   )
   )
DISTRICT OF COLUMBIA,   )
   )
            Defendant.   )

---

## <u>PLAINTIFFS' SUPPLEMENTAL BRIEF ON PRIVILEGES AND IMMUNITIES</u>

As directed by the Court in its Minute Order entered November 3, 2014, Plaintiffs submit their position on the following three questions:

1.  Are the individual rights that are protected by the Privileges and Immunities Clause also encompassed within the Due Process Clause of the Fifth Amendment and therefore must they be observed and protected in the District of Columbia?

2.  Did the plaintiffs plead that these individual rights are protected under the Due Process Clause?

3.  Did this Court previously rule on whether these individual rights are protected under the Due Process Clause?

As discussed below, the answer to the first two questions is "yes." On the third question, while the Court earlier dismissed the plaintiffs' due-process claim, the Court did not rule on this

precise question and, in any event, the Court has the authority to revisit its nonfinal ruling on the motion to dismiss.[1]

1.    **Individual rights**.  The rights protected by the Privileges and Immunities Clause are the rights of individuals to be free from discrimination based on where they live in the United States. These rights are inherent rights of all citizens. They are "fundamental to our scheme of ordered liberty."  *See McDonald v. City of Chicago*, 561 U.S. 742, 767 (2010) (discussing Second Amendment's application to the states). There has been no decision that Plaintiffs have located discussing the "incorporation" of the rights protected by the Privileges and Immunities Clause into the Fifth Amendment—presumably because the Privileges and Immunities Clause operates directly on states and localities and there was no need for earlier courts to decide this question. However, if the rights protected are fundamental rights, their protection should be available through the Fifth Amendment.

The Supreme Court has recognized that the Privileges and Immunities Clause protects individual rights.  *See, e.g. Saenz v. Roe*, 526 U.S. 489, 502 (1999) (the Privileges and Immunities Clause is intended to provide "important protections for nonresidents who enter a State.");  *Lunding v. N.Y. Tax Appeals Tribunal*, 522 U.S. 287, 296 (1998) (citing *Paul v. Virginia*, 75 U.S. 168, 180 (1868)(The "object of the Privileges and Immunities Clause is to 'strongly…constitute the citizens of the United States [as] one people,' by 'plac[ing] the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned.'");  *Austin v. New Hampshire*, 420 U.S. 656, 660 (1975) (the Privileges and Immunities Clause serves as a guarantee of "equality of treatment" when a nonresident comes into a jurisdiction). *See also Duehay v. Acacia Mutual Life*

---

[1]    Plaintiffs renew and do not waive their previously briefed argument that the Privileges and Immunities Clause applies to limit the actions of the District Government following the adoption of home rule. *See* Dkt 9;  Dkt. 15;  Dkt. 30; Dkt. 36.

*Ins. Co.*, 105 F.2d 768, 776 (D.C. Cir. 1939)("The constitutional guaranty created by Section 2 of Article IV inures to the benefit of a citizen of one state to the extent of forbidding only such legislation as will put him into "a condition of alienage when he is within or when he removes to another state, or when asserting in another state the rights that commonly appertain to those who are part of the political community known as the People of the United States * * *.").

*Amicus* Dean Chemerinsky appears to agree that the rights protected by the Privileges and Immunities Clause are individual rights. *See* Dkt. 35 at 13 ("One such rule that governs our society is that every United States citizen is entitled to common privileges and immunities that cannot be abridged because of residency.")

In particular, the individual right involved in this case—the right to pursue a common calling in another part of the United States—has been repeatedly recognized as a fundamental right. *See, e.g., United Bldg. & Const. Trades Council of Camden Cnty. & Vicinity v. Mayor & Council of City of Camden*, 465 U.S. 208, 219 (1984)("Certainly, the pursuit of a common calling is one of the most fundamental of those privileges protected by the Clause. Many, if not most, of our cases expounding the Privileges and Immunities Clause have dealt with this basic and essential activity. ").

Because the previous cases involving challenges to the right to pursue a common calling have been analyzed under the Privileges and Immunities Clause, it is not clear whether a Fifth Amendment analysis is more properly conducted under the Due Process Clause or the Equal Protection Clause. The fundamental right to travel—which in many ways resembles the right to pursue a common calling—has been analyzed under the Equal Protection Clause. *See Shapiro v. Thompson*, 394 U.S. 618 (1969).  Other fundamental rights within the zone of the liberty interest are protected by the Due Process Clause.  *See, e.g., Cruzan v. Director, Missouri Dept of Health*,

3

497 U.S. 261 (1990). The nature of the right at issue in the present case has elements protected under both Equal Protection and Due Process and therefore the right is properly analyzed under either or both clauses. The District's First Source Act law both discriminates against nonresidents of the District based on residency (which sounds in Equal Protection), and prevents the enjoyment of a lawful occupation (which sounds more in Due Process).

Regardless of which Clause the right is analyzed under, the government's interference with the fundamental right at issue should be analyzed under the strict scrutiny which has characterized the courts' review of laws under the Privileges and Immunities Clause—namely whether there is a compelling or substantial government interest which the law is "narrowly tailored" to address. *Compare United Bldg. & Const. Trades Council of Camden Cnty. & Vicinity v. Mayor & Council of City of Camden*, 465 U.S. 208, 222 (1984) (laws that discriminate against out-of-staters with regard to their ability to earn a livelihood will be allowed only if they are substantially related to achieving a substantial state interest) with *Baldwin v. Fish & Game Comm'n of Montana*, 436 U.S. 371, 390 (1978)(when statute does not impinge fundamental interest, then rational basis review is sufficient).

There is a need for uniformity in analysis between Privileges and Immunities Clause analysis (which would apply to laws enacted by any city or state in the country) and the Fifth Amendment analysis being discussed here (assuming that the Fifth Amendment also applies to laws enacted by the District of Columbia). The reasons are twofold. First, the nature of the fundamental rights being protected under the Clause and under the Amendment are the same, as discussed above, making it logical to analyze the infringement of those rights through the same lens.

Second, if the fundamental rights are protected in the District uniquely through the Fifth Amendment and not the Privileges and Immunities Clause, a different level of scrutiny could lead to anomalous results. The individual right of a Maryland citizen to pursue her common calling in Virginia, say, would be analyzed under one standard, but would be analyzed differently if the Maryland citizen sought work in the District of Columbia. Same Maryland citizen, same fundamental right--the only difference being whether the infringing law was enacted by Virginia or by the District. There is no precedent that Plaintiffs could find where the scrutiny used for the protection of a fundamental right differed depending upon which jurisdiction enacted the offending law. Such disparate treatment cannot be justified, especially where a fundamental right is implicated.

The District of Columbia's litigation position that the right to pursue a common calling—long recognized by courts as "fundamental"—is not applicable to the District, either through the Privileges and Immunities Clause or through the Due Process Clause, cannot be correct. As discussed above, the Supreme Court has labeled this as a fundamental right.  *See United Bldg. & Const. Trades Council of Camden Cnty. & Vicinity v. Mayor & Council of City of Camden*, 465 U.S. 208, 219 (1984). This is a right afforded to all citizens. Maryland residents are not stripped of their fundamental rights when they cross Southern Avenue, any more than they lose those rights when they travel to Ohio.

Moreover, although the present litigation is about the rights of nonresidents, the Court has correctly expressed concern about the rights of District of Columbia residents. If, as the District of Columbia asserts, its actions are not subject to scrutiny directly under the Privileges and Immunities Clause, and if there is no protected right under the Fifth Amendment, then District residents have no basis to protect themselves from discrimination when they seek work

in Alexandria or Philadelphia.   Under the District's analysis, those jurisdictions could, constitutionally, erect barriers to the pursuit of common callings by District residents based solely on their residency. Simply put, the District's litigation position as it affects its own citizens is un-American and unsupportable.

       **2.**     **Claims pled by Plaintiffs.**  Plaintiffs' position is set forth in their pleadings in this litigation, which include counts that the First Source Act violates the due process and equal protection guarantees of the Fifth Amendment.  (*See* Dkt. 1 at 37-39;  40-41.)  The allegations in support of these counts include the following:

- As a result of Defendants' acts, practices, customs, laws, and rules, the individual Plaintiffs have been deprived of their fundamental right to pursue a common calling in a state or local jurisdiction (the District of Columbia) in which they are not a resident, such right being protected under the Privileges and Immunities Clause, Article IV, Section 2 of the United States Constitution and subject to 42 U.S.C. § 1983.(Dkt. 1 at ¶ 90).

- ABC-Metro Washington's members have been deprived of their fundamental right to pursue a common calling as protected under the Privileges and Immunities Clause, Article IV, Section 2 of the United States Constitution and subject to 42 U.S.C. § 1983. (Dkt. 1 at ¶ 91).

- As a result of Defendants' acts, practices, customs, laws, and rules, Plaintiffs have been deprived of their right to equal protection in violation of the Fifth Amendment of the United States Constitution and subject to 42 U.S.C. § 1983. (Dkt. 1 at ¶ 104).

- "As a result of Defendants' acts, practices, customs, laws, and rules, Plaintiffs have been deprived of their due-process rights under the Fifth Amendment of the United States Constitution and subject to 42 U.S.C. § 1983. (Dkt. 1 at ¶ 117).

       Counts III and V of Plaintiffs' Complaint, taken in their entirety, have therefore stated claims that the First Source Act violates the fundamental right to pursue a common calling, as protected by the Fifth Amendment.

       Plaintiffs' Complaint set forth the facts to support a claim that the fundamental rights of both the individual plaintiffs and the corporate plaintiffs were unconstitutionally infringed by the

District's First Source Act. While Plaintiffs did not set forth the precise theory of incorporation later advanced by *amicus*, invoking the precise legal theory by name is not required under the federal pleading rules. As the Supreme Court stated earlier this month in a case reinstating a Section 1983 case even though the plaintiff did not expressly cite Section 1983: "Federal pleading rules…do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. ___ (slip op. at 1, November 10, 2014).

      **3.**       **Court's earlier ruling.** The Court ruled on Plaintiffs' Fifth Amendment claims when it granted the District's Motion to Dismiss. *See* Dkt. 23. However, the Court's ruling did not specifically analyze whether the rights encompassed by the Privileges and Immunities Clause apply to the District. *See* Dkt. 23 at 53-56 and 58-62. Indeed, the Court's extensive analysis on the Privileges and Immunities Clause suggests that, had the Court considered these rights in its analysis, its decision on denying these counts might have been different. *Compare* Dkt. 23 at 48 with Dkt. 23 at 53-56 and 58-62.

      Accordingly, if the Court determines that the Privileges and Immunities Clause does not apply to the District, Plaintiffs ask that the Court revisit its earlier decision granting the District's Motion to Dismiss their claims that the First Source Act violates the Fifth Amendment. *See* Fed. R. Civ. P. 54(b) (the Court may revise or reconsider its order "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties.").

## **CONCLUSION**

The District's First Source Act violates the rights that are protected by the Privileges and Immunities Clause of Article IV and the Due Process Clause of the Fifth Amendment. Regardless of the analytical framework adopted by this Court, the District's First Source Act discriminates against residents of Maryland and Virginia and cannot withstand constitutional scrutiny. Accordingly, Plaintiffs respectfully request that this Court deny the District's Motion for Judgment on the Pleadings and revisit its earlier decision granting the District's Motion to Dismiss its due process and equal protection claims.

Respectfully submitted,

/s/ Paul J. Kiernan
Paul J. Kiernan (Bar #385627)
Christine N. Walz (Bar #996643)
HOLLAND & KNIGHT, LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 663-7276 (phone)
(202) 955-5564 (facsimile)
Paul.Kiernan@hklaw.com (email)
Christine.walz@hklaw.com (email)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2014, I electronically filed the Plaintiffs' Response to *Amicus* Brief. I further certify that all participants in the case are registered ECM-ECF users and that service will be accomplished by the ECM-ECF System.


/s/ Paul J. Kiernan
Paul J. Kiernan