UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN WASHINGTON CHAPTER, ASSOCIATED BUILDERS AND CONTRACTORS, INC., et al., <br><br> Plaintiffs <br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | No. 12-CV-00853 (EGS) |

### PLAINTIFFS' SUPPLEMENTAL BRIEF ON INCORPORATION AND PRIVILEGES AND IMMUNITIES

As allowed by the Court in its Minute Orders entered on November 3, 2014, and December 30, 2014, Plaintiffs submit the following reply brief in response to the brief filed by *amicus* Dean Chemerinsky on January 12, 2014 (Dkt. 41). In light of Plaintiffs' previous filings on this issue, *see* Dkt. 15, 30, 39, Plaintiffs respond only to new matters.

1. Plaintiffs welcome and endorse Dean Chemerinsky's conclusion that the First Source Act's impact should be reviewed by this Court under heightened scrutiny because the Act affects fundamental rights. Plaintiffs still submit that the Privileges and Immunities Clause applies directly to the laws enacted by the District of Columbia Council following the adoption of home rule, but join in the Dean's conclusion that the standard of review that is applied under the Privileges and Immunities Clause also applies under this Fifth Amendment analysis. (DE# 41, at 5-6.)

2. In its initial response to *amicus* (DE# 40), the District argued that the right to pursue a common calling was not fundamental and that even if this right were deemed fundamental, a law infringing on it need only withstand rational basis review. (DE# 40, at 7, 9-

10.) Both of these arguments are flawed and should be rejected for the reasons set forth by Plaintiffs and by Dean Chemerinsky.

(a) The District's argument that there is no fundamental right by a citizen of one state to pursue a common calling elsewhere in the United States is unsupportable. The District ignores both history and case law, and attempts to reframe Plaintiffs' case as a case about a right to public employment. But this case is not about a right to public employment; it is about the right to pursue one's calling anywhere in the nation, without discriminatory barriers erected at state and local borders. The Supreme Court has long recognized this as a fundamental right. *See United Bldg. & Const. Trades Council of Camden Cnty. & Vicinity v. Mayor & Council of City of Camden*, 465 U.S. 208, 222-23 (1984). The District mischaracterizes the Court's decision in that case. The Supreme Court made clear that:

> [C]amden may, without fear of violating the Commerce Clause, pressure private employers engaged in public works projects funded in whole or in part by the city to hire city residents. But that same exercise of power to bias the employment decisions of private contractors and subcontractors against out-of-state residents may be called to account under the Privileges and Immunities Clause. A determination of whether a privilege is "fundamental" for purposes of that Clause does not depend on whether the employees of private contractors and subcontractors engaged in public works projects can or cannot be said to be "working for the city." The opportunity to seek employment with such private employers is "sufficiently basic to the livelihood of the Nation," as to fall within the purview of the Privileges and Immunities Clause even though the contractors and subcontractors are themselves engaged in projects funded in whole or part by the city.

*Id.* at 221-22 (1984) (emphasis supplied, internal citations omitted).[1] The entire purpose of the First Source Act is to promote District-resident employment at the expense of District-

---

[1] The other cases cited by the District to suggest that there is no fundamental right to public employment are simply inapplicable. *See AFGE, AFL-CIO v. United States*, 330 F.3d 513, 523 (D.C. Cir. 2003) (rejecting claim that plaintiffs had a protected property interest in their federal employment); *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (rejecting claim that terminated employee had a substantive due process right to his employment).

2

nonresident employment, and there can be no serious dispute that the right to be free from such discrimination is fundamental.

(b) The District also incorrectly argues that the First Source Act is "traditional economic legislation enacted under the District's police powers, and is therefore subject to rational-basis review." *See* Dkt. 40 at 9. This is not so. Laws impinging on fundamental rights are subject to heightened scrutiny, even where such laws do not discriminate against a suspect class. *See Clark v. Jeter*, 486 U.S. 456, 461 (1988) ("Classifications based on race or national origin, and classifications affecting fundamental rights are given the most exacting scrutiny.")(internal citations omitted).

Therefore, the District's characterization of the First Source Act as "traditional economic legislation" is inaccurate, and its corresponding conclusion—that the law is subject only to rational basis review—is equally flawed. Indeed, as Plaintiffs have previously argued and Dean Chemerinsky has concurred, the law must be reviewed under the same standard applicable to laws that infringe upon the right to pursue a common calling in another part of the United States. *See City of Camden*, 465 U.S. at 222 (laws that discriminate against out-of-staters with regard to their ability to earn a livelihood will be allowed only if they are substantially related to achieving a substantial state interest). The District has already conceded that the First Source Act cannot withstand this scrutiny. *See, e.g.*, Transcript of Oral Argument (June 25, 2014), Dkt. 30-2 at 26.

Plaintiffs respectfully request that this Court deny the District's Motion for Judgment on the Pleadings, reconsider and reverse its earlier decision granting the District's Motion to Dismiss plaintiffs' due-process and equal-protection claims, and allow the case to proceed on that basis.

Respectfully submitted,

/s/ Paul J. Kiernan
Paul J. Kiernan (Bar #385627)
Christine N. Walz (Bar #996643)
HOLLAND & KNIGHT, LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 663-7276 (phone)
(202) 955-5564 (facsimile)
Paul.Kiernan@hklaw.com (email)
Christine.walz@hklaw.com (email)

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2014, I electronically filed the Plaintiffs' Response to *Amicus* Brief. I further certify that all participants in the case are registered ECM-ECF users and that service will be accomplished by the ECM-ECF System.

/s/ Paul J. Kiernan
Paul J. Kiernan

4