UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| METROPOLITAN WASHINGTON CHAPTER, ASSOCIATED BUILDERS AND CONTRACTORS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No. 12-00853 (EGS) |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL FILING

### INTRODUCTION

Plaintiffs challenge the First Source Act (the Act), a law enacted by the District of Columbia to counteract some of the unique financial burdens Congress placed on the District when it prohibited the District from enacting a commuter tax. Plaintiffs have now filed a Supplemental Filing asserting that the District proposes to fine a noncompliant subcontractor under the Act. The purpose of plaintiffs' filing is unclear. That the District has never fully enforced the Act is neither disputed nor material. And plaintiffs never explain how the District's recent action would make summary judgment for them any more appropriate or defeat the District's Motion for Summary Judgment.

### ARGUMENT

Contrary to plaintiffs' citation, the District did not raise the issue of past First Source Act enforcement practices in its Motion for Summary Judgment.

Plaintiffs direct the Court to the District's Motion, "(Doc. 64), at 24–25," Ps' Supp. Filing [71] at 1, but those pages contain no discussion of enforcement, penalties, or fines.

Plaintiffs repeatedly conceded that their clients had suffered no injury from penalty or fine under the Act. Ps' Mot. for Summ. J. [65] at 6 ("[d]uring the 20 or so years before the adoption of the Amended Act, there were no penalties imposed for violations of the [First Source] Act."); 23 ("the District to date has not imposed fines or penalties for violations" of the Amended Act, either). The District discussed this concession in the context of plaintiffs' lack of standing. *See* D's Opp. to Mot. For Summ. J. [67] at 6, 14. Regardless, plaintiff based no argument on that assertion, so the fact that a fine has now been proposed is not relevant to the Court's decision.

Plaintiffs' filing and attached affidavit are manifestly unhelpful. Those documents contain no discussion of how this minimal potential fine might affect the company's bottom line, or how it might have any impact at all on its business. The affidavit itself is rife with legal conclusions and hearsay, and concedes that the company is availing itself of the administrative appeal process, the appropriate way to address such disputes.

## CONCLUSION

For the foregoing reasons and those in the District's briefs, the Court should grant the District's Motion for Summary Judgment and enter judgment in favor of the District of Columbia.

Dated:  July 21, 2017.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON, Bar No. 453765
Chief, Equity Section

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Senior Assistant Attorney General
CONRAD Z. RISHER*
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, DC 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov

*Counsel for the District of Columbia*

---

\* Appearing pursuant to LCvR 83.2(f).